UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALER SINGH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.　1:26-cv-00024-DC-EFB

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus, in which petitioner, a noncitizen alien, challenges his detention under 28 U.S.C. § 2241.　ECF No. 1.　On January 7, 2026, the District Court issued a preliminary injunction, ordering that petitioner be released immediately from respondents' custody; enjoining respondents from imposing any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and ordering that, if the Government seeks to re-detain petitioner, it must provide him no less than 7 days' notice and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.　ECF No. 9.　Subsequently, respondents filed a status report, in which they request the court rule on the petition based on the filings already submitted by the parties.　ECF No. 11.　Petitioner has not filed a reply to that filing and the deadline to do so has expired.　*See* ECF No. 10.　For the reasons set forth below, the undersigned finds petitioner has demonstrated his entitlement to relief and

1

recommends the petition be granted.

## BACKGROUND

In his verified petition, petitioner alleges that he is a citizen and national of India who entered the United States on April 29, 2023. ECF No. 1 ¶ 18. He was detained by the Department of Homeland Security (DHS) and, on May 16, 2023, was given a Notice to Appear and released on an Order of Release on Recognizance under a program of supervised release. ECF No. 1 ¶¶ 18-20 & Exs. A, B. The Notice to Appear designated petitioner as "an alien present in the United States who has not been admitted or paroled" and charged him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act. ECF No. 1 ¶ 20, Ex. A. Since then, petitioner has timely filed a Form I-589, Application for Asylum, with the immigration court; obtained employment; complied with all the conditions of his supervision; and acquired no criminal history. ECF No. 1 ¶ 21.

On December 9, 2025, an Immigrations and Customs Enforcement (ICE) agent contacted petitioner and requested he report for a check-in appointment the following day. ECF No. 1 ¶ 22. Petitioner complied and ICE agents arrested him at the appointment, on December 10, 2025. *Id*.

Petitioner initiated this action on January 5, 2026, ECF No. 1, and concurrently moved for a temporary restraining order. ECF No. 2. On January 5, 2026, the District Court issued a minute order directing respondents to file a response to petitioner's motion for a temporary restraining order in which they "substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and other similar cases previously decided by this court, or indicate that the matter is not substantively distinguishable." ECF No. 4.

On January 6, 2026, respondents filed an opposition to the motion for temporary restraining order, in which they asserted petitioner was properly detained under 8 U.S.C. § 1225(b)(2) but acknowledged that there were no factual or legal differences in petitioner's case that render it distinct from those cases cited in the Court's minute order. ECF No. 7 at 1-3. Petitioner filed a reply brief on January 7, 2026. ECF No. 8.

2

On January 7, 2026, the District Court granted the motion for temporary restraining order and issued a preliminary injunction on the same terms, ordering:

> In Respondents' Opposition to Petitioner's Motion for a Temporary Restraining Order, Respondents contend that Petitioner is subject to detention under 8 U.S.C. § 1225(b). However, Respondents acknowledge the caselaw from this court in *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) and *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), is not substantively distinguishable. (*See* Doc. No. 7 at 1.) Accordingly, pursuant to the court's reasoning in *Labrador-Prato* and *Selis Tinoco*, Petitioner's Motion for a Temporary Restraining Order is GRANTED, and the court ORDERS the following: (1) Petitioner shall be released immediately from the Respondents' custody; (2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and (3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. Moreover, in light of Respondents' non-opposition to treating Petitioner's Motion for a Temporary Restraining Order as a Motion for Preliminary Injunction (*See* Doc. No. 7), and given that the standard for issuing a Temporary Restraining Order is "substantially identical" to the standard for issuing a Preliminary Injunction, *Stuhlbarg Intl Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001), the court hereby ISSUES a Preliminary Injunction on the same terms.

ECF No. 9. The District Court referred the matter to the undersigned for further proceedings, *id.*, and, on January 9, 2026, the undersigned directed respondents to file a response to the petition and set a deadline for petitioner to file any reply. ECF No. 10. On January 28, 2026, respondents timely filed a "status report" in which they "request that the Court rule on the substantive habeas petition based on the filings already submitted by the parties" and waive oral argument. ECF No. 11. Petitioner has not filed a reply and the time to do so has expired. *See* ECF No. 10.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

////

3

**DISCUSSION**

In his petition, petitioner asserts three claims for relief, alleging that his detention violates his rights to substantive due process (claim one) and procedural due process (claim two) under the Fifth Amendment, and violates the Immigration and Nationality Act (claim three).  ECF No. 1 at 9-12.  Based on the record before the court, the undersigned finds that petitioner has shown his entitlement to relief on his second and third claims and recommends the writ be granted.

Petitioner has shown by a preponderance of evidence that his detention without a bond hearing violates his right to procedural due process under the Fifth Amendment.  *See* ECF No. 1 at 10.  To determine whether detention violates a petitioner's Fifth Amendment procedural due process rights, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  For the reasons set forth in the District Court's December 2, 2025 Order in *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and December 14, 2025 Order in *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), petitioner has shown that he has a substantial protected liberty interest in his freedom from detention.  *See* ECF No. 9; *see also Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, at 6 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025).  Since petitioner's release after his initial entry to the United States, petitioner developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee.  *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6.

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable.  Petitioner's detention is

4

only justified when the noncitizen poses a flight risk or a danger to the community.  *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690.  Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on the second claim of his petition.

////

Petitioner has also shown by a preponderance of evidence that he is entitled to habeas corpus relief on his third claim, alleging that his detention is unlawful under 8 U.S.C. § 1225(b)(2) is unlawful because that statutory section does not properly apply to him.. *See* ECF No. 1 at 10-11.  Respondents argue that petitioner is an "applicant for admission" per § 1225(a)(1), thus subjecting him to the mandatory detention provision in § 1225(b).  ECF No. 7 at 2-3.  For the reasons set forth in the District Court's District Court's December 2, 2025 Order in *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *2-4, and December 14, 2025 Order in *Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *3-5, the undersigned finds that petitioner has shown that his detention is unlawful because 8 U.S.C. § 1225(b)(2) does not apply to him, as he is not an "applicant for admission" within the meaning of § 1225(a)(1).  Section 1225(b)(2) does not properly apply to persons like petitioner who had been previously admitted to the United States, then released by DHS authorities; rather, § 1225(b)(2) only applies to those aliens "seeking admission" to the United States.  *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  To construe § 1225(b)(2) to mandate detention for persons like petitioner is untenable under principles of statutory construction, as it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025)); *see also Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *4; *Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *5. Petitioner has shown by a preponderance of evidence that respondents' detention of him pursuant to 8 U.S.C. § 1225(b) is unlawful under that statute, entitling him to habeas corpus relief on claim three of his petition.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ENJOINED AND RESTRAINED from imposing any additional

6

restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and if the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7