UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALER SINGH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-00024-DC-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 12) |

Petitioner proceeds in this petition for writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 24, 2026, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 12.  Respondents have filed objections to the findings and recommendations.  ECF No. 13.  In their objections, Respondents merely state that they object "for the reasons set forth in the Respondents' opposition to the motion for temporary restraining order."  *Id.*  However, those arguments were addressed and rejected by the magistrate judge and the undersigned in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or

1

conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed on March 24, 2026 (ECF No. 12) are ADOPTED;

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.  Respondents are ENJOINED AND RESTRAINED from imposing any additional restriction on petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and if the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered;

3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

removal and Petitioner receives notice of that final order of removal; and

4.  The Clerk of the Court is directed to enter judgment in Petitioner's favor and close the case.

IT IS SO ORDERED.

Dated:   **April 2, 2026**

Dena Coggins
United States District Judge

3